O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL PATRICK DOLINSKY, <br><br>Plaintiff, <br><br>v. <br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br>Defendant. | Case No. ED CV 15-01350-DFM <br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Michael Patrick Dolinsky ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for Social Security disability benefits. The Court concludes that the ALJ's RFC determination is supported by substantial evidence in the record. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

**I.**

**BACKGROUND**

Plaintiff filed an application for Social Security disability insurance benefits on July 1, 2013, alleging disability beginning January 3, 2013. Administrative Record ("AR") 180-86. After Plaintiff's application was denied, he requested a hearing before an ALJ. AR 105-06. On September 23, 2014,

Plaintiff, represented by counsel, appeared and testified at the hearing. AR 39-70. The ALJ also called a vocational expert ("VE") to testify about what work Plaintiff could perform despite his limitations. AR 63-70. The ALJ gave the VE a series of hypotheticals as to whether Plaintiff could perform his past work as well as other work in the national economy. AR 65-68.

On December 9, 2014, the ALJ issued an unfavorable decision. AR 23-33. In reaching his decision, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine. AR 25. The ALJ determined that despite his impairments, Plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work with no additional limitations. AR 25. Based on the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a truck driver because that work does not require activities precluded by Plaintiff's RFC. AR 31. In the alternative, the ALJ also found that there were other jobs existing in the national economy that Plaintiff was able to perform. AR 31-32. On that basis, the ALJ determined that Plaintiff was not disabled. Id.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ's RFC is supported by substantial evidence. See Joint Stipulation ("JS") at 4. Plaintiff contends that the ALJ's RFC did not rest on substantial evidence because the ALJ failed to incorporate the opinions of four physicians who limited Plaintiff to occasional overhead reaching with his left arm. Id. at 7.

## III.
## THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. Bayliss v. Barnhart, 427 F.3d 1121, 1217 (9th

Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [his or her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. See Bayliss, 427 F.3d at 1217 (upholding ALJ's RFC determination because "the ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints"). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (internal quotation marks and citation omitted).

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); Lester, 81 F.3d at 830-31 (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983)). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir.

1996) (citing <u>Baxter v. Sullivan</u>, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>accord</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. <u>Orn</u>, 495 F.3d at 631; <u>see also</u> 20 C.F.R. § 404.1527(d)(2)(i)-(ii).

**A.    The ALJ Properly Weighed the Opinions of the Non-Examining Physicians**

Plaintiff contends that the ALJ erred in rejecting the opinions of two non-examining State Agency physicians, Dr. Brodsky and Dr. Friedman, who each opined that Plaintiff was limited to occasional overhead reaching with his left arm. JS at 4. Plaintiff claims that objective evidence supports these findings. <u>Id.</u> at 7. Because both State Agency physicians were non-examining physicians, the ALJ was not required to give their opinions more weight than the opinions of Plaintiff's treating physicians. <u>Lester</u>, 81 F.3d at 830. The ALJ "incorporated most of the restrictions cited by . . . the State agency medical consultants," but gave no weight to the limitations "given in regards to claimant's left arm." AR 30. The ALJ rejected the reaching limitations found by Dr. Brodsky and Dr. Friedman because an orthopedic examination in September 2013 found that Plaintiff's grip was normal and examinations in November 2013 and August 2014 by treating physicians at the Loma Linda VA Medical Center "revealed full range of motion and bilateral 5/5 muscle strength in all extremities," AR 30 (citing AR 475, 585). Accordingly, because there was substantial evidence that contradicted the limitations found by Dr.

4

Brodsky and Dr. Friedman, the ALJ did not err in rejecting their opinions.

**B.     The ALJ Did Not Err In Rejecting the Opinion of the Examining Physician**

Plaintiff contends that the ALJ erred in rejecting the opinion of examining physician, Dr. Bernabe. JS at 4. The ALJ noted that Dr. Bernabe opined that Plaintiff could perform "work at a medium exertional level with overhead motion with the left upper extremity restricted to an occasional basis only." AR 29 (citing AR 364). Because the examining physician's opinion is contradicted by other treating physicians, it may be rejected for specific and legitimate reasons. See Lester, 81 F.3d at 830. The ALJ noted that although he "generously incorporated most of the restrictions" found by the examining physician into the RFC, AR 30, he gave little weight to Dr. Bernabe's left arm limitations because of the findings made by Plaintiff's treating physicians in November 2013 and August 2014, see AR 475, 585. Based on the findings made by these treating physicians, the ALJ found "no evidence for any extremity restrictions in this case." AR 30. Therefore, the ALJ provided specific and legitimate reasons for rejecting Dr. Bernabe's findings about Plaintiff's left arm. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (holding that the ALJ can meet the burden of providing specific and legitimate reasons for rejecting a contradicted medical opinion "by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making finding").

**C.     The ALJ Properly Weighed the Opinion of the Treating Physician**

Finally, Plaintiff contends that the ALJ erred by failing to incorporate the findings of Plaintiff's treating physician, Dr. Thara, that Plaintiff could only reach occasionally with his left arm. JS at 5. Because Dr. Thara's opinions are contradicted by other doctors, it may be rejected for specific and legitimate reasons. See Lester, 81 F.3d at 830. The ALJ discussed Dr. Thara's

treating opinions as follows:

> Dr. Thara primarily summarized in the treatment notes the claimant's subjective complaints, diagnoses, and treatment, but she did not provide medically acceptable clinical or diagnostic findings to support the functional assessment. This opinion is inconsistent with the objective medical evidence as a whole already discussed above in this decision that shows the claimant is active, his personal examinations reveal no difficulties, and his credibility is questionable. Lastly, this opinion is also inconsistent with Dr. Thara's own treatment records that document that his opinion was made under the assumption that the claimant likely had ankylosing spondylitis, however, this was subsequently ruled out.

AR 30 (citing AR 564, 597).

The Court finds that the ALJ offered specific and legitimate reasons for rejecting Dr. Thara's opinions. First, the ALJ correctly noted that Dr. Thara's opinion that Plaintiff could only reach occasionally with his left arm was not supported by any clinical or diagnostic findings. In fact, Dr. Thara's opinions about Plaintiff's left arm were contained in check-the-box reports that contained no basis or explanation for her opinions. AR 534-43. It was reasonable for the ALJ to refuse to give significant weight to these opinions because they were brief, conclusory, and unsupported. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions"); see also Barnhart, 278 F.3d at 957. Second, the ALJ also noted that Dr. Thara's assessment was inconsistent with not only the outcome of examinations from November 2013 and August 2014, each of which reflected that Plaintiff had a full range of motion in his left arm, AR 475, 585, but was

also based on the assumption that Plaintiff had spondylitis, an assumption that was disproven by later MRI findings, see AR 564.

Moreover, the ALJ also refused to give Dr. Thara's findings controlling weight because the record showed that Plaintiff's subjective complaints of the severity of his symptoms were not credible. The ALJ noted that Plaintiff had received unemployment compensation during the relevant period. AR 29; see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) (noting that receipt of unemployment benefits undermines a claimant's alleged inability to work full time). More persuasively, the ALJ pointed to evidence that a worker's compensation investigation video showed Plaintiff working on his car and utilizing both his extremities "in an unrestricted manner." AR 282. Next, the ALJ noted that despite his stated impairments, Plaintiff testified that he is able to complete household duties to help take care of his father, who suffered from early stages of Parkinson's disease. AR 29. Finally, the ALJ noted that Plaintiff's testimony that he must continually move positions to be comfortable (AR 52-53) contradicted other statements where Plaintiff reported that he had to lay still to lessen his symptoms. AR 30 (citing AR 594).

Together, the ALJ's findings about Plaintiff's credibility and the lack of support for Dr. Thara's findings constitute specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Thara's opinions about Plaintiff's left arm. See Lester, 81 F.3d at 830-31. Any conflicts or ambiguities in the record were properly resolved by the ALJ. See Ryan, 528 F.3d at 1198 (holding that if the evidence is susceptible to multiple rational interpretations, the ALJ's decision should be upheld). Accordingly, the ALJ did not err in excluding that limitation from the RFC. The Court finds that the RFC is therefore supported by substantial evidence in the record and remand is not warranted on this claim of error.

///

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: June 15, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge